JOURNAL ENTRY AND OPINION
The appellant, Samuel L. Buoscio, pro se, appeals the decision of the trial court in granting the motion for summary judgment of the appellee, John Gill. The appellant contends that there are issues of material fact present which preclude the granting of summary judgment. For the reasons set forth below, we reverse the decision of the trial court and remand for further proceedings.
The appellant retained the appellee, John J. Gill, for his legal assistance and paid him a retainer of $3,000. A question has been raised as to whether or not the appellant also retained attorney Ross R. Paul to assist Gill. The appellant is currently an inmate at the Mansfield Correctional Institution. He contends that he hired Gill to perform legal services for all of his pending criminal matters. He further alleges that Gill was never told to look into any civil matters, that the sole purpose of his representation would be limited to appellant's pending criminal matters. The appellant further contends that the appellee failed to perform legal services regarding his criminal matters and therefore must return the $3,000 retainer to the appellant.
The appellee contends that he was hired by the appellant and was instructed by the appellant to review the appellant's trust fund account located at the National City Bank in Youngstown, Ohio. The investigation was brought about by the appellant's allegations of fraudulent conduct by his former attorney and bank officials, both former and present.
The appellant filed a complaint in the trial court alleging breach of the attorney-client agreement and legal malpractice. On August 31, 2000, the appellee filed a motion for summary judgment contending that the services performed were based upon the instructions given by the appellant which were to investigate the dealings between his former lawyer and the bank that held his trust account. On October 13, 2000, the trial court granted the appellee's motion for summary judgment. The appellant appeals the decision of the trial court and asserts the following sole assignment of error.
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE, WHERE THERE EXISTS GENUINE ISSUES OF MATERIAL FACT.
The standard of review for an appellate court on a lower court's granting of summary judgment is de novo. De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial. Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378; citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
The movant possesses the burden of establishing that no genuine issue of material fact exists. This burden must be satisfied by specifically producing evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations, which demonstrate the nonmoving party's lack of support toward his claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293.
The evidence attached to the appellee's motion for summary judgment included: (1) a letter from John Gill and Ross Paul informing the appellant that they had received his retainer of $3,000, and requesting him to sign and return the enclosed fee agreement; (2) An unsigned attorney-client agreement between the appellant and appellee for gathering and consolidating assets; (3) Materials concerning the determination of authenticity regarding a prior dealing with another attorney; (4) A power of attorney document signed by the appellant allowing the appellee to handle and consolidate all of appellant's personal assets; (5) An affidavit by the appellant giving the appellee the power to look into several banks for possible illegal acts performed by these banks on the appellant's accounts; (6) Billing sheets and an affidavit by John J. Gill discussing the billing of hours in regard to his investigation into the appellant's bank accounts.
The appellant, in his motion in opposition to the appellee's motion for summary judgment, attached the following pertinent items: (1) An affidavit by the appellant stating that Gill was at all times hired strictly to represent the appellant in his criminal matters and that at no time did he ever retain the additional assistance of Ross R. Paul; (2) A letter to the appellant on the stationary of John J. Gill stating a retainer of $3,000 would be required for him to represent the appellant in his criminal matters; (3) A letter to the appellant on the stationary of Ross R. Paul stating that the retainer of $3,000 was not to be used toward any investigation involving the alleged acts of three banks in Youngstown, Ohio.
Both parties presented evidence with their motions for summary judgment suggesting a different purpose for the appellee's representation. The appellant presented a letter allegedly from Gill stating that the $3,000 retainer was not to be used in investigating any alleged acts by three banks in Youngstown, only for the appellant's criminal cases. The appellee presented a contract for services specifically regarding an investigation of fraudulent bank activities. Further, the appellee presented no material challenging the authenticity of the document produced by the appellant or his partner's signature on appellant's document. These two contradictory descriptions of the appellee's job tasks constitute material issues of fact that should have led the trial court to deny appellee's motion for summary judgment.
Our opinion today is based on procedure and Gill's failure to satisfy his burden under Dresher. This opinion should not be read to foreclose Gill from again seeking summary judgment on remand and, with the presentation of additional evidence as outlined in the previous paragraph, summary disposition of this case may be appropriate.
Therefore, the appellant's sole assignment of error is well taken. The judgment of the trial court is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND TERRENCE O'DONNELL, J., CONCUR.